J. A. WARD et al., Appellants,

v.

W. L. MARTIN et al., Appellees.

No. 6749.

Court of Civil Appeals of Texas.

Amarillo.

March 31, 1958.

Rehearing Denied March 31, 1958.

Crenshaw, Dupree & Milam, Moore & Moore, Lubbock, Boone & Kirby, Littlefield, for appellants.

Huff & Splawn, Lubbock, J. R. (Billy) Hall, Littlefield, for appellees.

NORTHCUTT, Justice.

This is a suit by W. L. Martin, individually, and as next friend of his minor son, Max Lee Martin, age seventeen years, against J. A. Ward d/b/a Wards Gin and John E. Bailey for damages resulting from a collision between a Ford car being driven by Max Lee Martin and a Chevrolet being driven by one Chapa. The accident in question happened sometime between 6:00 and 7:00 P. M. on November 23, 1956, at a point approximately six or seven miles southeast of Littlefield in Lamb County, Texas. At the time of the accident and just immediately before, Max Lee Martin was driving the Ford automobile in a northwesterly direction going to Littlefield, and at the same time a man by the name of Chapa was driving his Chevrolet automobile in a southeasterly direction going to Lubbock and the two cars were meeting and each car was on its proper side of the highway. John E. Bailey was driving a 1952 International Tractor and semi-trailer, owned by J. A. Ward, and was proceeding southeasterly behind the Chapa Chevrolet, and immediately prior to the time the Ford and Chevrolet were meeting Mr. Bailey drove the International Tractor into the rear of the Chapa car and knocked it across the highway in front of the Ford car where the

two cars came together and were totally wrecked, and Mr. Chapa and his baby were killed as well as the companion of Max Lee Martin, and Max Lee Martin was seriously injured. The tractor trailer being driven by Mr. Bailey was approximately 42 feet long. The trailer was 32 feet long and had a weight load capacity of 58,000 pounds gross weight, and at the time of the accident was hauling approximately 34,600 pounds of cotton seed. It was agreed by the parties at the time of the accident that Mr. Bailey was an employee of Mr. Ward and was in the regular course and scope of his employment.

The case was tried to a jury upon special issues and in reply to such issues the jury found as follows: that Bailey did not fail to keep a proper lookout but that just before the collision Bailey was driving the Ward truck at a rate of speed faster than it would have been driven by an ordinarily prudent person in the exercise of ordinary care, under the facts and circumstances, and this was a proximate cause of the collision; that Bailey was following the Chapa car more closely than an ordinarily prudent person, in the exercise of ordinary care, would have followed the Chapa car, under the facts and circumstances, and this was a proximate cause of the collision; that Bailey was not driving at a rate of speed faster than 45 miles per hour; that Bailey could have applied his brakes in time to have avoided the collision after he discovered the Chapa car in front of him, this failure was negligence and a proximate cause of the collision; that Max Lee Martin was driving the Martin car faster than 55 miles per hour and this was a proximate cause of the collision, but found that Max Martin was not driving at a rate of speed faster than would have been driven by a person of ordinary prudence in the exercise of ordinary care under the facts and circumstances; Max Lee Martin did not fail to keep a proper lookout; that Chapa did not suddenly stop his car but did suddenly reduce the speed of his car, but that was not the sole proxi-

mate cause of the collision; that immediately before the collision Bailey was acting under an emergency and that after the emergency arose Bailey did what an ordinarily prudent person in the exercise of ordinary care would have done under the same or similar circumstances; that it was not an unavoidable accident, and assessed damages for W. L. Martin at $5,000 and for Max Lee Martin at $25,-000.

The defendants presented their motion for judgment upon the verdict of the jury. The plaintiffs presented their motion for judgment requesting the court to disregard the Issues 12 and 13 finding that Max Lee Martin was driving in excess of 55 miles per hour and the same was a proximate cause of the collision, and also to disregard Issues 22 and 23 finding that immediately before the collision in question Bailey was acting under an emergency and that after the emergency Bailey did what an ordinarily prudent person in the exercise of ordinary care would have done under the same or similar circumstances. The trial court entered its order overruling the defendant's motion for judgment upon the verdict of the jury but entered its order sustaining the plaintiffs' motion to disregard the jury's answers to Special Issues 12, 13, 22 and 23 and entered judgment for the plaintiffs. From this judgment the defendants perfected this appeal.

By appellants' first four points of error they complain of the action of the trial court in refusing to grant judgment in favor of appellants because the jury in reply to Special Issues 12 and 13 convicted Max Lee Martin of contributory negligence which was a proximate cause of the collision. The testimony upon which the jury found that Martin was driving faster than 55 miles per hour was very meager, and we are greatly in doubt as to its probative value. That rate could only be determined by the testimony of Max Martin when he testified he estimated he was driving at between 55 and 60 miles per

hour; but that he didn't know because he did not remember anything after he left Anton. There is no dispute as to how this accident happened. By appellants' points five to eight, both inclusive, they urge that the trial court erred in refusing to enter judgment in their favor because of the answers of the jury establishing that immediately before the collision Bailey was acting under an emergency not caused by any negligence on his part, and that he thereafter exercised ordinary care. At the same time appellants' urge by their point nine irreconcilable conflicting findings of the jury. In the case of Biggers v. Continental Bus System, Tex., 303 S.W.2d 359, by the Supreme Court, it was held directly contrary to the disposition made of this case by the trial court. The facts in the Biggers case and this case are similar. There the court stated it must be determined whether the record shows, as a matter of law, that the excessive speed of the bus did not actually contribute to cause the collision, and then held with the findings of the jury and held the bus company liable. We are unable to see from the facts of this accident, which facts were like the Biggers case, that the speed of the Martin car actually contributed to cause the collision.

Although we feel the better reasoning was used in the original opinion in the Biggers case at Sup., 298 S.W.2d 79, we feel obligated to follow the holding of the majority opinion as announced in 303 S.W.2d 359.

If it is to be held that a violation of a statute alone constitutes negligence per se the same line of reasoning would hold Max Lee Martin negligent if he had been driving without having tags on his car. The court instructed the jury that negligence means what an ordinarily prudent person would not do under the same or similar circumstances, or the failure to do what an ordinarily prudent person would do under the same or similar circumstances. The jury found Max Martin was not driving at a speed faster than would have been driven by a person of ordinary care. Which could be construed only that he was not guilty of negligence. It would make it almost impossible to drive upon the highway if we did not depend upon each driver of a car staying upon his side of the road. Considering the great number of cars passing each other on the highways every day, and each staying upon his side of the road, and comparing that number with the number of cars that cross over into oncoming traffic directly in front of the approaching car, the comparison would show that very seldom does a driver immediately cross over into oncoming traffic and consequently, we are unable to say that Max Martin could have foreseen that the Chapa car would or might be in or driven onto the side of the road being used by Martin. Under this record, we are unable to see other than that the acts of Bailey as found by the jury was the proximate cause of the collision and injuries. We are unable to see from the other findings of the jury how the jury could have found that Bailey was acting under an emergency. We do not think there was sufficient evidence to sustain the jury's findings that Bailey was acting under an emergency and the different answers of the jury are irreconcilable as contended by the appellants.

Unless the answers concerning the speed Max Martin was making, and that being a proximate cause, and the answers as to Bailey acting under an emergency are disregarded the verdict of the jury is in irreconcilable conflict. The other points of error will not be discussed as they are not likely to arise on another trial. As we view this record, the only thing that the speed Max Martin was making would have to do with causing the collision would be that it placed him at that spot just at the time. If he had stayed at home or left home just a few minutes earlier or a few minutes later the accident would not have happened.

There was nothing in front of the Martin car in its line of traffic and as we view the

case Max Martin had no reason to expect that a vehicle coming from the opposite direction would suddenly be knocked into his line of traffic, as he surely could see how the Chapa car was proceeding. On the contrary, we think he had a right to presume that Chapa would obey the traffic regulations of this State. From this record, there is nothing to indicate that Chapa would have gotten over in Martin's line of traffic if he had not been knocked there by Mr. Bailey.

Because of the irreconcilable conflicts in the jury's findings the case is reversed and remanded.